# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SHANIKA JOHNSON,　　　　　　　　　　Case No.

　　Plaintiff,　　　　　　　　　　　　　　Hon.

v.

SANFORD FEDERAL INC.,

　　Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
Kara F. Krause (PP85487)
HURWITZ LAW PLLC
Attorneys for Plaintiff
617 Detroit St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com
kara@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out of this transaction or occurrence alleged in the complaint.

## COMPLAINT AND JURY DEMAND

Plaintiff Shanika Johnson ("Plaintiff"), by and through her attorneys, HURWITZ LAW PLLC, hereby brings the following action against Sanford Federal Inc. ("Defendant") pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § § 201, *et seq.*, and alleges as follows:

## INTRODUCTION

1. This is an action for money damages, liquidated damages, costs, attorneys' fees, and other relief against Defendant for its willful violation of the FLSA, 29 U.S.C. § § 201, *et seq.*, for misclassifying Shanika Johnson as an independent contractor and depriving her of overtime wages for all hours worked in excess of forty (40) hours a week at a rate of one and a half times her regular rate of pay.

## PARTIES AND JURISDICTION

2. Plaintiff is an individual residing in Ypsilanti Michigan, which is located in Washtenaw County.

3. Defendant is a company with its headquarters and principal place of business in Stafford, Virginia, which is located in Stafford County.

4. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings her claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

5. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the events giving rise to Plaintiff's claims took place and where Defendant regularly conducts business.

## FACTUAL ALLEGATIONS

6. Defendant is a professional services company, primarily engaged in providing information technology, cyber security, management system support, as well as business and infrastructure management services.

7. Plaintiff was hired by Defendant as an independent contractor "Site Supervisor" on October 15, 2021, servicing the Veterans Affairs ("VA") Medical Center located in Ann Arbor, Michigan.

8. Plaintiff earns no hourly wages. Instead, she receives a salary of $3,400 per month, paid semi-monthly.

9. As a misclassified independent contractor, Plaintiff was not adequately compensated for hours worked, including overtime.

10. Plaintiff's duties were consistent with those of an employee as defined in 26 CFR § 31.3401(c)-1(b), § 31.3121(d)–1(c)(2), § 31.3306(i)–1(b).

11. Defendant dictates how Plaintiff performs her job duties, which is consistent with the treatment of an employee—not an independent contractor.

12. To determine whether a worker is an employee under the FLSA, courts embrace the "economic reality" test, which considers six factors:

    a. the permanency of the relationship between the parties;

    b. the degree of skill required for the rendering of the services;

    c. the worker's investment in equipment or materials for the task;

      d.      the worker's opportunity for profit or loss, depending upon her skill;

      e.      the degree of the employer's right to control the manner in which the work is performed; and

      f.      whether the service rendered is an integral part of the employer's business.

13. Plaintiff's work assignments come exclusively from Defendant, and she is not allowed to work for other companies.

14. Plaintiff is required to follow the orders of Project Coordinator Billy Parker and Recruiter Jennifer Paulcen to complete her duties, including the method in which she accomplished each task.

15. All materials Plaintiff utilizes to complete her work are paid for and provided by Defendant.

16. Plaintiff's financial investment is minor when compared to that of Defendant.

17. Defendant furnished Plaintiff with tools to do her job. At work, Plaintiff has a dedicated cellphone line, computer, and a printer.

18. Defendant provided Plaintiff with a dedicated phone, tablet, thermometers, uniform, and computer.

19. Plaintiff's employment relationship with Defendants is permanent.

20. Defendant reserves the right to discharge Plaintiff "for cause, without advance notice, at any time" in the language of her "Independent Contractor Agreement."

21. Plaintiff did not invest in equipment or materials for her tasks.

22. Plaintiff had no opportunity for profit or loss depending upon her skill.

23. Plaintiff is not in business for herself and truly independent, but instead economically dependent upon Defendant for employment.

24. Defendant significantly controls the manner in which Plaintiff performs work.

25. The services rendered by Plaintiff are an integral part of Defendant's business.

26. Plaintiff does not qualify for any exemption under Section 13(a)(1) of the Fair Labor Standards Act.

27. Although Defendant hired Plaintiff as "Site Supervisor," she is tasked to perform primarily non-managerial and non-administrative job duties.

28. Plaintiff was required to check inventory, learn the temperature check policies of the Ann Arbor VA Medical Center, and be available to do the bidding of her Project Coordinator during all hours of the day.

29. Frequent staffing shortages at the Ann Arbor VA Medical Center also require Plaintiff to appear in-person to fulfil the duties of Temperature Screening Services.

30. None of Plaintiff's work is managerial in nature.

31. Plaintiff had no authority or discretion to unilaterally hire other employees.

32. Plaintiff had no authority or discretion to unilaterally discipline other employees. Rather, Plaintiff was obligated to escalate disciplinary concerns to her supervisors.

33. Plaintiff had no authority to establish the pay scale or schedules of other employees.

34. Plaintiff did not exercise discretion and independent judgement with matters of significance.

35. Plaintiff's independent discretion was so limited that her "assistant," Corrina Dameron, took orders from Plaintiff's supervisors instead.

36. Plaintiff was not allowed to deviate from established policies and procedures outlined by Defendant to complete her job duties.

37. Plaintiff's primary duties as "Site Supervisor" did not require advanced knowledge defined by 29 C.F.R. § 541.301(e)(2) as "work which is predominantly intellectual in character, and which includes work requiring consistent exercise of

6

discretion and judgment." Plaintiff instead performed non-managerial and non-administrative job duties that were simultaneously being performed by non-exempt employees.

38. Defendant maintains control, oversight, and direction over Plaintiff, including the promulgation and enforcement of policies affecting the payment of wages.

39. Defendant is involved in the employment decisions of Plaintiff, including, but not limited to, decisions of Defendant's wage and hour policies and practices that affect Plaintiff.

40. Defendant benefits from the work Plaintiff performs.

41. Plaintiff has no ability or opportunity to make a profit while performing her duties and instead earns only her monthly compensation of $3,400.

42. Plaintiff's contract with Defendant provides:

> <u>Working Hours</u>: This project encompasses coverage 24 hours a day for 7 days a week. Supervisor's core working hours will be Monday-Friday 0600 to 1600 but may require additional hours on nights and weekends to ensure 100% shift coverage.

43. Plaintiff never received overtime pay despite routinely working an average of approximately seventy (70) hours per week.

44. Plaintiff worked tirelessly for Defendant, starting her mornings at 3 AM and ending at 7 PM.

45. Defendant forced Plaintiff to work while suffering from the COVID-19 virus in January 2022.

46. Plaintiff was ordered to perform over forty (40) hours of work while on a pre-approved vacation from February 26, 2022 until March 2, 2022.

47. Defendant disregarded the Department of Labor's warning to companies who provide federal contract staffing to follow FLSA overtime requirements.

48. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## INDEPENDENT CONTRACTOR MISCLASSIFICATION

49. Plaintiff hereby realleges and incorporates all previously stated allegations.

50. Plaintiff was employed as an "Independent Contractor" by Defendants, and was designated as "exempt" from overtime.

51. Plaintiff worked diligently for Defendants outside of normal business hours, including on nights and weekends.

52. The work performed by Plaintiff rendered her eligible for overtime.

53. Defendants' conduct was willful and in bad faith.

54. At all times relevant to this action, Plaintiff was Defendant's employee within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

55. At all times relevant to this action, Defendant was Plaintiff's employer within the meaning of the FLSA.

56. Defendant's knowing and willful failure to properly pay time-and-a-half for hours worked more than forty (40) in a week to Plaintiff based on her misclassification as an "independent contractor" violates the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq.

57. As a result of Defendants' unlawful acts, Plaintiff was deprived of earned wages.

58. Plaintiff hereby realleges and incorporates by reference all previously stated allegations.

59. At all times relevant to this Complaint, Plaintiff was Defendant's employee within the meaning of the FLSA, 29 U.S.C. § 201 *et seq.*

60. At all times relevant to this Complaint, Defendant was Plaintiff's employer within the meaning of the FLSA.

61. At all times relevant to this Complaint, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62. Defendant violated the FLSA when it misclassified Plaintiff as exempt from overtime and failed to pay Plaintiff proper overtime compensation for hours worked in excess of forty (40) per week.

63. Defendant's conduct in this regard was a willful violation of the FLSA.

64. As a result of Defendant's unlawful acts, Plaintiff was deprived of earned wages in amounts to be determined at trial. She is entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff claims as follows:

    a.    An award of unpaid overtime wages under the FLSA;

    b.    An award of unpaid wages for compensable hours under the FLSA;

    c.    An award of unaccrued vacation time under the FSLA;

    d.    An award of liquidated damages under the FLSA;

    e.    Interest;

    f.    Attorneys' fees and costs under the FLSA; and

    g.    Such other relief as in law or equity may pertain.

Respectfully Submitted,

/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*

                          617 Detroit St., Ste. 125
                          Ann Arbor, MI 48104
                          (844) 487-9479

Dated: June 20, 2022

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| SHANIKA JOHNSON, | Case No. |
| Plaintiff, | Hon. |
| v. | |
| SANFORD FEDERAL INC., | |
| Defendant. | |

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
Kara F. Krause (PP85487)
HURWITZ LAW PLLC
Attorneys for Plaintiff
617 Detroit St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com
kara@hurwitzlaw.com

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff Shanika Johnson, by and through her attorneys, HURWITZ LAW PLLC hereby demand a jury trial in the above-captioned matter for all issues so triable.

    Respectfully Submitted,

    /s/ *Noah S. Hurwitz*
    Noah S. Hurwitz (P74063)
    HURWITZ LAW PLLC
    *Attorneys for Plaintiff*

                                                617 Detroit St., Ste. 125  
                                                Ann Arbor, MI 48104  
                                                (844) 487-9479  

Dated: June 20, 2022